UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAYCAB COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-63-TRM-DCP |
| | ) | |
| PRAIRIE TECHNOLOGY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court on Plaintiff's Motion Requesting Leave to File Amended Complaint. [Doc. 34] Plaintiff seeks to amend its Complaint to add two additional defendants, Mr. and Mrs. Osman, to change the allegation that Defendants are marketing "exact replicas" of Plaintiff's products to instead allege "exact or near-exact replicas," and to make other minor changes. Defendants have filed a response in opposition to the motion [Doc. 43] and Plaintiff has filed a reply. [Doc. 45] The matter is now ripe for adjudication.

The Court begins with Federal Rule of Civil Procedure 15, which provides that courts should "freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-

1

CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[D]elay alone does not justify denial of leave to amend." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A delay in filing a motion to amend, however, can become undue or prejudicial at some point. *Id.* (citing *Morse*, 290 F.3d at 800). For instance, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id.* (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). As explained in *Phelps*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Id.* at 662–63. With this guidance in mind, the Court turns to the instant motion.

Defendants raise several objections to Plaintiff's motion. The Court will address each of those in turn. First, Defendants argue that the amendment should not be allowed because the instant case is currently focused on resolving the question of whether the Court has personal jurisdiction over Defendants. While jurisdictional discovery is ongoing, the Court does not find that a valid reason to deny the instant motion. If the Osmans are proper parties, the Court finds that they should be added now, during the early stages of the litigation, rather than later, when their addition would potentially delay future proceedings.

Defendants next argue that any claims against the Osmans would be time bared. Specifically, Defendants argue that the three-year quasi statute of limitations[1] would bar any

---

[1] The Lanham Act does not have a specific statute of limitations, but instead applies the doctrine of laches, using the analogous state law statute of limitations, in this case three years, as a guideline. *Johnny's Fine Foods, Inc. v. Johnny's Inc.*, 286 F. Supp. 2d 876, 881 (U.S.D.C M.D. Tenn. 2003).

claims against the Osmans, because any actions they took relevant to this matter would have occurred in 2010. Defendants are only partially correct. While the three-year laches period can bar monetary claims, it does not bar claims for injunctive relief. *Johnny's Fine Foods, Inc. v. Johnny's Inc.*, 286 F. Supp. 2d 876, 882 (M.D. Tenn. 2003). Thus, assuming arguendo that any monetary claims against the Osmans are time barred, Plaintiff is not time barred from seeking injunctive relief[2] against the Osmans.

Defendants next argue that the Osmans are not proper parties because they are members of the LLC defendants in this matter, and, under South Dakota law, the state under which the LLCs are organized, members or managers of an LLC cannot be held personally liable for an obligation "solely by reason of being or acting as a member or manager." S.D. Codified Laws § 47-34A-303. However, even if any claims against the Osmans are barred for their actions as members or managers of the LLC, the Amended Complaint alleges that the Osmans began making replicas of Plaintiff's products before the formation of the LLCs. [*See* Doc. 34-1 at ¶ 58] The Osmans may be liable under the Lanham Act for those violations, and Plaintiff should be allowed to amend their complaint to bring such claims.

Defendants next cite to the Supreme Court case of *Whitney v Wyman*, arguing that "[w]hen the principal is disclosed, and the agent (i.e. Osmans) is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so." *Whitney v. Whyman*, 101 U.S. 392, 396 (1879). *Whitney* is a case involving a contract dispute. There is no contract at issue in this case, and accordingly, the Court finds that the *Whitney* case is not relevant to this matter.

Defendants next argue that changing the phrase "exact replica" to "exact or near-exact" is not appropriate, because Plaintiff previously took the position that the replicas allegedly made by

---

[2] *See* [Doc. 1-1 at 19, Doc. 34-1 at 22].

3

Defendants were "exact." The Court does not find this change of position to be a valid ground for precluding amendment as legal positions often change during litigation. Moreover, the change of language would not prevent Plaintiff from succeeding under the Lanham Act. If, for example, Defendants produced an otherwise exact replica which was a fraction of an inch smaller in all dimensions, that would likely still be violative of the Lanham Act, even though the replica in question is smaller, and thus not an "exact replica."

Having rejected Defendants various arguments, the Court finds that Plaintiff's Motion to Amend is timely, and that justice requires that Plaintiff be allowed to amend its Complaint. The Court further finds that such an amendment will not prejudice Defendants, and that the proposed amendment would not be futile. Accordingly, for good cause shown, Plaintiff's Motion **[Doc. 34]** is hereby **GRANTED**. Plaintiff is **DIRECTED** to file its Amended Complaint within seven days of the entry of this Order.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge